**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | No. 13 C 88 (09 CR370-3) |
| v. | ) | |
| | ) | Judge Ronald A. Guzmán |
| **KING PERKINS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION AND ORDER**

In 2010, King Perkins entered a blind guilty plea to one count of conspiring to possess and distribute controlled substances and two counts of using a telephone to facilitate a drug offense and was sentenced to 135 months in prison. Perkins has now filed a motion pursuant to 28 U.S.C. § 2255 to vacate his sentence. For the reasons set forth below, the Court denies the motion.

**Discussion**

Perkins claims that his sentence should be vacated because he received ineffective assistance of both trial and appellate counsel. To prevail on his claims, Perkins must show that his counsel's performance "fell below an objective standard of reasonableness" and there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 688-93 (1984). The *Strickland* standard is "highly demanding," *Kimmelman v. Morrison*, 477 U.S. 365, 382 (1986), and requires Perkins to overcome "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

King first argues that his counsel should have asked for a sentence adjustment pursuant to Sentencing Guidelines § 3B1.2(b), which permits a two-level decrease in a defendant's base offense level ("BOL") if he was "a minor participant in any criminal activity." "A defendant is a minor participant if he plays a part in committing the offense that makes him substantially less culpable than the average participant and is less culpable than most other participants, but his role could not be described as minimal." *United States v. Klimecek*, 306 Fed. Appx. 316, 318 (7th Cir. 2009) (quotation and alteration omitted). In this context, culpability and involvement are not synonymous. Thus, if Perkins was less involved in the conspiracy than others but was still "an essential component" of it, he is not eligible for a minor participant reduction. *Id.* Perkins must "show by a preponderance of the evidence that he is entitled to a minor participant reduction." *Id.*

Perkins contends that the record shows he was entitled to this reduction because the government's surveillance of one of his co-defendants, Terris Williams, revealed only two drug-related phone conversations involving Perkins. The Court disagrees. When Perkins pleaded guilty, he admitted that in 2008, Williams gave him heroin to sell, and after Perkins did so, he paid Williams $8,500.00 for every 100 grams sold. (*See* 6/11/10 Hr'g Tr. at 16-20.) In addition, Perkins admitted during the sentencing hearing that he was "a street-level dealer," and bought drugs from Williams. (*See* 11/4/10 Hr'g Tr. at 133.) Williams' testimony at sentencing corroborated Perkins' admissions. Williams testified that between April and October 2008, he delivered 100-200 grams of heroin to, and collected $8,000.00-$8,500.00 from, Perkins each week for their co-defendant Bryant Roby. (*See id.* at 21-23, 26-28.) He also testified that in early October 2008, Roby and Perkins stopped dealing with him, and Roby gave heroin directly to Perkins to sell. (*Id.* at 28-29.) The government tapped Williams' phone in September 2008, around the time that Roby and Perkins

2

stopped dealing with him. (*Id.* at 111-12.) Given this evidence, the fact that the wire taps revealed only two-drug-related calls involving Perkins does not make him a minor participant in the conspiracy. Thus, Perkins' trial counsel was not ineffective for failing to seek that reduction.

Perkins also argues that his counsel should have argued for a downward departure based on evidence that he had only a buyer/seller relationship with Williams. *See United States v. Fuller*, 532 F.3d 656, 662 (7th Cir. 2008) (noting that "a buyer-seller relationship is insufficient to sustain a conspiracy conviction," which requires evidence that there was an agreement between two or more people to possess and distribute drugs). However, given his guilty plea to the drug conspiracy count and the evidence discussed above, this argument is baseless and does not support an ineffective assistance claim.

Perkins' next argument is that he was eligible for a downward departure because of family circumstances. With respect to this issue, the Guidelines state that "family ties and responsibilities are not ordinarily relevant in determining whether a departure may be warranted," and such a departure can only be considered if:

> (I) The defendant's service of a sentence within the applicable guideline range will cause a substantial, direct, and specific loss of essential caretaking, or essential financial support, to the defendant's family.
> (ii) The loss of caretaking or financial support substantially exceeds the harm ordinarily incident to incarceration for a similarly situated defendant. . . .
> (iii) The loss of caretaking or financial support is one for which no effective remedial or ameliorative programs reasonably are available, making the defendant's caretaking or financial support irreplaceable to the defendant's family.
> (iv) The departure effectively will address the loss of caretaking or financial support.

U.S.S.G. § 5H1.6. & cmt.

The record shows that Perkins has nine children, only one of whom, an eighteen-year-old, was living with him in Rochester, Minnesota when he was arrested. His eight other children were

minors when Perkins was arrested and were living with their mothers in Springfield (three daughters), Hillside (a son) and Chicago (two daughters and a son), Illinois and Winona, Minnesota (a son). Perkins, who admits that he only had regular contact with four of these minor children, was clearly not an essential caretaker for any of them. There is also no evidence that he provided essential financial support to them, either when he worked as a truck driver in 2006 or when he was unemployed in the two-year-period before his arrest in 2009. In short, there is no basis for a downward departure for family circumstances. Defense counsel was not, therefore, ineffective for failing to ask for one.

The Court's rejection of Perkins' first three claims also dooms his last, that his appellate counsel was ineffective for failing to raise these alleged instances of trial counsel's ineffectiveness on appeal.

**Conclusion**

For the reasons et forth above, the Court denies Perkins' § 2255 motion and terminates this case. Morever, because Perkins has not made a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability.

**SO ORDERED.**   **ENTER: April 19, 2013**

  _Ronald A. Guzman_
  ────────────────────────────
  **HON. RONALD A. GUZMAN**
  **United States District Judge**

4